**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

VENKATASWARA PRASA THALACHEERU
2204 Village Dr
Avenel, NJ, 07001

Plaintiff,

against

UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES,
20 Massachusetts Ave NW,
Washington DC 20529

Defendant.

Case No.:

COMPLAINT

**COMPLAINT**

**BACKGROUND**

1. This case involves review under the Administrative Procedure Act of a decision of the United States Citizenship and Immigration Services (USCIS) denying a petition by a U.S. employer (HCL America, Inc.) to classify the plaintiff, Vekataswara Prasa Thalacheeru (*hereinafter* "Mr. Thalacheeru"), as an H-1B nonimmigrant so that it

| COMPLAINT | Michael E Piston (P34568)<br>Attorney for the Plaintiff<br>Immigration Law Office of Los Angeles (Manhattan Office)<br>225 Broadway, Ste 307<br>New York, NY 10007<br>646-845-9895<br>michae@immigrationhelpla.com |
|---|---|

might employ him on a temporary basis in a "specialty occupation" pursuant to 8 U.S.C. § 1101(a)(15)(H)(i)(B).

2. § 1101(a)(15)(H)(i)(B) provides that:

> The term "immigrant" means every alien except an alien who is within one of the following classes of nonimmigrant aliens—

(H) an alien (i) … (b) subject to section 212(j)(2) [8 USCS § 1182(j)(2)] who is coming temporarily to the United States to perform services … in a specialty occupation described in section 214(i)(1) [8 USCS § 1184(i)(1)] …, who meets the requirements for the occupation specified in section 214(i)(2) [8 USCS § 1184(i)(2)] … and with respect to whom the Secretary of Labor determines and certifies to the Attorney General that the intending employer has filed with the Secretary an application under section 212(n)(1) [8 USCS § 1182(n)(1)], …

3. 8 USCS § 1184(i)(1) defines "specialty occupation" as:

... an occupation that requires--

(A) theoretical and practical application of a body of highly specialized knowledge, and

(B) attainment of a bachelor's or higher degree in the specific specialty ( or its equivalent) as a minimum for entry into the occupation in the United States.

3. "Specialty occupation" is defined at Title 8 Code of Federal Regulations (8 CFR), section 214.2(h)(4)(ii) as:

... an occupation which requires theoretical and practical application of a body of highly specialized knowledge in such fields of human endeavor including, but not limited to, architecture, engineering, mathematics, physical sciences, social sciences, medicine and health, education, business  specialties, accounting, law, theology, and the arts, and which requires the attainment of a bachelor's degree or higher in a specific specialty, or its equivalent, as a minimum for entry into the occupation in the United States.

4. Title 8 Code of Federal Regulations, section 214.2(h)(4)(iii)(A) requires a specialty occupation to meet one of the following criteria:

| COMPLAINT | Michael E Piston (P34568)<br>Attorney for the Plaintiff<br>Immigration Law Office of Los Angeles (Manhattan Office)<br>225 Broadway, Ste 307<br>New York, NY 10007<br>646-845-9895<br>michae@immigrationhelpla.com |
|---|---|

(1) A baccalaureate or higher degree or its equivalent is normally the minimum requirement for entry into the particular position;

(2) The degree requirement is common to the industry in parallel positions among similar organizations or, in the alternative, an employer may show that its particular position is so complex or unique that it can be performed only by an individual with a degree;

(3) The employer normally requires a degree or its equivalent for the position; or

( 4) The nature of the specific duties is so specialized and complex that know ledge required to perform the duties is usually associated with the attainment of a baccalaureate or higher degree.

5. The key issue in this case is whether the USCIS' determination that the job of Programmer Analyst in which HCL America, Inc. wishes to continue to employ Mr. Thalacheeru meets the definition of a "specialty occupation" as set forth in 8 U. S. C. §1184(i) and its implementing regulations.

6. Vekataswara Prasa Thalacheeru now brings this action under the Administrative Procedure Act to hold unlawful and set aside the United States Citizenship and Immigration Services' Decision denying HCL America, Inc.'s petition to classify him as an H-1B (specialty occupation) nonimmigrant and to extend his status.

7. As will be shown, the agency's decision was replete with embarrassing errors, the biggest, but by no means only, of which is that it didn't even consider the correct section of the Occupational Outlook Handbook in finding that the job offered him didn't normally require a specialized degree.

8. Accordingly, the decision should be held unlawful and set aside. 5 U.S.C. § 706(2).

**STATEMENT OF UNDISPUTED FACTS**

| COMPLAINT | Michael E Piston (P34568)<br>Attorney for the Plaintiff<br>Immigration Law Office of Los Angeles (Manhattan Office)<br>225 Broadway, Ste 307<br>New York, NY 10007<br>646-845-9895<br>michae@immigrationhelpla.com |
|---|---|

9. On December 11, 2019, HCL America, Inc (HCL) filed a Petition for a Nonimmigrant Worker (Form I-129), with U.S. Citizenship and Immigration Services (USCIS), seeking to classify Vekataswara Prasa Thalacheeru as a temporary worker in a specialty occupation (H-1B) under section 101(a)(15)(H)(i)(b) of the Immigration and Nationality Act (INA).

10. It sought to amend the prior petition it had successfully filed on Mr. Thalacheeru's behalf and requested that USCIS extend his stay. Decision[1] at 1.

*11*. HCL stated on the Form I-129 that it was an information technology and engineering services firm with 12,858 employees. *Id.*

12. It sought to employ Mr. Thalacheeru as a Programmer Analyst from December 12, 2019 to November 3, 2022. *Id.*

13. USCIS issued a Request for Evidence (RFE) on December 20, 2019. *Id.*

14. On March 11, 2020, HCL submitted a response. *Id.*

15. On April 20, 2020, the USCIS issued a decision (the Decision) denying the petition on the grounds that HCL supposedly had not offered Mr. Thalacheeru a job in a specialty occupation. *Id.* at 5.

*16*. Among other things, the USCIS found that the job HCL offered Mr. Thalacheeru did not qualify as a specialty occupation under 8 C.F.R. § 214.2(h)(4)(iii)(A)(1). *Id.*

---

[1] Attached as Exhibit A.

| COMPLAINT | Michael E Piston (P34568)<br>Attorney for the Plaintiff<br>Immigration Law Office of Los Angeles (Manhattan Office)<br>225 Broadway, Ste 307<br>New York, NY 10007<br>646-845-9895<br>michae@immigrationhelpla.com |
|---|---|

17. Accordingly it also denied Mr. Thalacheeru's application for extension of stay. 2nd Decision[2] at 1. This action ensured.

## THE COURT HAS SUBJECT JURISDICTION OVER THIS MATTER.

18. Being a civil action against the United States arising under the Immigration and Nationality Act, 8 U.S.C. § 1101, *et. seq.,* and the Administrative Procedure Act, 5 U.S.C. § 701, *et. seq.,* both laws of the United States, original jurisdiction over this matter is vested in this Court by 28 U.S.C. § 1331.

## THE PLAINTIFF HAS STANDING TO BRING THIS ACTION

19. As the D.C. Circuit Court of Appeals said in finding that the beneficiary of a labor certification filed by a potential employer had standing to seek judicial review under the Administrative Procedure Act (APA) of its denial, even though the prospective employer was not a party to the action:

> neither the statute's text, structure, nor legislative history supplies the requisite "clear and convincing evidence" of a preclusive purpose. *Abbott Labs. v. Gardner*, 387 U.S. 136, 141, 18 L. Ed. 2d 681, 87 S. Ct. 1507 (1967); *see also Shook v. District of Columbia Fin. Responsibility & Management Assistance Auth.*, 328 U.S. App. D.C. 74, 132 F.3d 775, 778-79 (D.C. Cir. 1998). Unlike in *Block v. Community Nutrition Inst.*, 467 U.S. 340, 348, 81 L. Ed. 2d 270, 104 S. Ct. 2450 (1984), for example, where the statute itself set forth a regulatory regime that omitted mention of certain parties, giving rise to an inference that those parties were precluded from litigating in court, *see Block*, 467 U.S. at 349, there is no indication here that Congress itself considered the mechanism by which the Secretary

---

[2] Attached as Exhibit B.

| COMPLAINT | Michael E Piston (P34568)<br>Attorney for the Plaintiff<br>Immigration Law Office of Los Angeles (Manhattan Office)<br>225 Broadway, Ste 307<br>New York, NY 10007<br>646-845-9895<br>michae@immigrationhelpla.com |
|---|---|

of Labor would make labor certification decisions, or how (and at the request of whom) such decisions would be reviewable in the federal courts. And while the legislative history indicates that Congress intended to restrict further the admission of alien workers when it amended the statute in 1965, *see* S. REP. No. 748, 89th Cong., 1st Sess. (1965), *reprinted in* 1965 U.S. CODE CONG. & ADMIN. NEWS 3328, 3333, that does not speak to the question whether the class of aliens deserving of admission under the statute have standing to challenge in court the Secretary's decision to the contrary. The regulatory regime is completely a creation of the Labor Department's regulations, and under the Administrative Procedure Act, it is only statutes, not agency regulations, that can preclude otherwise available judicial review. See 5 U.S.C. § 701(a)(1); *Gladysz*, 595 F. Supp. at 53-54. In light of the presumption of judicial review, *see McNary v. Haitian Refugee Ctr., Inc.*, 498 U.S. 479, 496 (1991); *Bowen v. Michigan Academy of Family Physicians*, 476 U.S. 667, 670 (1986), we cannot conclude (despite our suspicions) that Congress intended to preclude the alien from challenging labor certification denials without the alien's employer. *See Block*, 467 U.S. at 351 (holding that, where substantial doubt about congressional intent exists, the general presumption favoring judicial review is controlling).

*Ramirez v. Reich*, 156 F.3d 1273, 1276 (1998)

20. Here likewise neither the INA's text, structure nor legislative history supplies the requisite "clear and convincing purpose" of an intent to preclude the beneficiary of a nonimmigrant visa petition from seeking judicial review of a denial.

21. Accordingly, here as in *Ramirez*, there is no basis for concluding that Congress intended to preclude the beneficiary of an application for immigration benefits filed by his prospective employer from seeking judicial review of a denial of the same without said employer.

22. Therefore the plaintiff has standing to bring this action even without his prospective employer as a party.

### PLAINTIFF HAS NO ADMINISTRATIVE REMEDIES TO EXHAUST

| COMPLAINT | Michael E Piston (P34568)<br>Attorney for the Plaintiff<br>Immigration Law Office of Los Angeles (Manhattan Office)<br>225 Broadway, Ste 307<br>New York, NY 10007<br>646-845-9895<br>michae@immigrationhelpla.com |
|---|---|

23. The beneficiary has no right to administratively appeal USCIS denial of his employer's petition to classify him as an H-1B nonimmigrant, 8 C.F.R. §214.2(h)(10)(ii)(2018), nor the denial of his application for extension of stay. *Id.* Therefore he cannot be said to have failed to exhaust his administrative remedies, because he has none.

### THE DECISION IS UNLAWFUL AND SHOULD BE SET ASIDE

24. 5 U.S.C. § 706 provides in material part that:

> To the extent necessary to decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an <u>agency action</u>. The reviewing court shall—
>
> …
> **(2)** hold unlawful and set aside <u>agency action</u>, findings, and conclusions found to be—
> **(A)** arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

25. Inasmuch as the instant decision was not in accordance with law, and/or arbitrary, capricious and/or an abuse of discretion, this Court should find it unlawful and set is aside.

### COUNT 1

**THE DECISION WAS ARBITRARY BECAUSE THE USCIS DID NOT EXAMINE THE RELEVANT FACTS AND DATA IN CONCLUDING THAT THE POSITION HCL OFFERED TO MR. THALACHEERU DID NOT MEET THE REQUIREMENTS OF 8 CFR 214.2(h)(iii)(4)(A)(1)**

| COMPLAINT | Michael E Piston (P34568)<br>Attorney for the Plaintiff<br>Immigration Law Office of Los Angeles (Manhattan Office)<br>225 Broadway, Ste 307<br>New York, NY 10007<br>646-845-9895<br>michae@immigrationhelpla.com |

26. 5 U.S.C. § 706 provides in relevant part that:

> To the extent necessary to decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an <u>agency action</u>. The reviewing court shall—
> …
> **(2)** hold unlawful and set aside <u>agency action</u>, findings, and conclusions found to be—
> **(A)** arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

27. To keep its decision from being found arbitrary "an agency must have only '"'examine[d]'" the relevant factors and data and articulate[d] a '"rational connection"' between the record and [its] decision.'" *Taylor Made Software, Inc. v. Cuccinelli*, 2020 U.S. Dist. LEXIS 58609, *7, first quoting *AT&T, Inc. v. FCC*, 886 F.3d 1236, 1245 (D.C. Cir. 2018) (then quoting *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983); and finally quoting *Burlington Truck Lines v. United States*, 371 U.S. 156, 168 (1962)).

28. Unfortunately, the Decision here fails even this forgiving test. It didn't even examine the relevant facts and data, much less articulate a rational connection between the record and its conclusion.

### A. THE DECISION FAILED TO REVIEW THE CORRECT SECTION OF THE OOH IN CONCLUDING THAT THE JOB OFFERED DID NOT REQUIRE A DEGREE IN A SPECIFIC SPECIALTY

29. 8 C.F.R. § **214.2(h)(4)(iii)** provides the following

> Criteria for H-1B petitions involving a specialty occupation.
> **(A)** Standards for specialty occupation position. To qualify as a specialty occupation, the position must meet one of the following criteria:

| COMPLAINT | Michael E Piston (P34568)<br>Attorney for the Plaintiff<br>Immigration Law Office of Los Angeles (Manhattan Office)<br>225 Broadway, Ste 307<br>New York, NY 10007<br>646-845-9895<br>michae@immigrationhelpla.com |
|---|---|

**(1)** A baccalaureate or higher degree or its equivalent is normally the minimum requirement for entry into the particular position;
**(2)** The degree requirement is common to the industry in parallel positions among similar organizations or, in the alternative, an employer may show that its particular position is so complex or unique that it can be performed only by an individual with a degree;
**(3)** The employer normally requires a degree or its equivalent for the position; or
**(4)** The nature of the specific duties are so specialized and complex that knowledge required to perform the duties is usually associated with the attainment of a baccalaureate or higher degree.

30. The USCIS concluded that the job which HCL offered Mr. Thalacheeru didn't meet 8 C.F.R. §214.2(h)(5)(iii)(A)(1) ("CRITERION 1")). Decision at 5.

31. But it came to this conclusion after reviewing only the section of the Occupational Outlook Handbook (OOH) pertaining to the occupation of Computer Programmers. *Id*. at 4-5.[3] Regrettably, that was the wrong section.

32. The job offered Mr. Thalacheeru was that of a Programmer Analyst. Decision at 1, 3.

33. The OOH classifies Programmer Analyst as a form of Computer Systems Analyst.[4]

34. Therefore, given the fact "USCIS recognizes the *Occupational Outlook Handbook* (OOH), a publication of the U.S. Department of Labor (DOL), as an authoritative source on the duties and educational requirements of the wide variety of occupations that it

---

[3] The Decision subsequently reviewed the O*Net discussion of Computer Programmers, but found it was "not probative of the proffered position qualifying as a specialty occupation." *Id*. at 6.

[4] OOH (Computer Systems Analysts/Computer What Systems Analysts Do / Duties), https://www.bls.gov/ooh/computer-and-information-technology/computer-systems-analysts.htm#tab-2 (last accessed 5/3/2020)

| COMPLAINT | Michael E Piston (P34568)<br>Attorney for the Plaintiff<br>Immigration Law Office of Los Angeles (Manhattan Office)<br>225 Broadway, Ste 307<br>New York, NY 10007<br>646-845-9895<br>michae@immigrationhelpla.com |
|---|---|

addresses", Decision at 4, the facts and data relevant to the education needed to be a Programmer Analyst were to be found in the OOH's discussion of Computer Systems Analysts.[5]

35. Unlike Computer Programmers, the OOH indicates that for Computer Systems Analysts "a bachelor's degree in computer or information science is 'common', although not always a requirement (which) seems to support, rather than disprove, the proposition that '[a] baccalaureate or higher degree [in a specific specialty] or its equivalent is *normally* the minimum requirement for entry into the particular position.' 8 C.F.R. § 214.2(h)(4)(iii)(A)(1) (emphasis added)" *Taylor Made Software, Inc. v. Cuccinelli*, 2020 U.S. Dist. LEXIS 58609, *13 (D.C.D.C.) (holding that a USCIS decision that a computer systems analyst is not a specialty occupation because the OOH supposedly did not hold that the job normally required a specialized degree was "not a rational treatment of the language in the OOH."). *Id.* at *17.

---

[5] The Decision considered the job a Computer Programmer because the Labor Condition Application submitted by HCL was for a Computer Programmer. Decision at 4. However, this is because the Standard Occupation Classification, which is the source the Department of Labor requires to be used for classifying a job on a Labor Condition Application (LCA), Form ETA 9035, Section B, Box 3, online at https://www.foreignlaborcert.doleta.gov/pdf/ETA_Form_9035.pdf (last accessed 5/2/2020), classifies Programmer Analyst as another name for Computer Programmer. Summary Report for Computer Programmer, 15-1131, online at https://www.onetonline.org/link/summary/15-1131.00 (last accessed 5/2/2020). The O*Net does not consider it an alternative title for Computer Systems Analyst. Summary Report for Computer Systems Analyst 15-1121.00. Therefore the petitioner was required by DOL's form to classify the job under the title of "Computer Programmer" on the LCA even though it was actually a Programmer Analyst, which is, per the OOH, a kind of Computer Systems Analyst.

| COMPLAINT | Michael E Piston (P34568)<br>Attorney for the Plaintiff<br>Immigration Law Office of Los Angeles (Manhattan Office)<br>225 Broadway, Ste 307<br>New York, NY 10007<br>646-845-9895<br>michae@immigrationhelpla.com |
|---|---|

36. By failing to even mention, much less consider, the entire (and only) OOH discussion related to the job offered, the Decision certainly failed to examine all of the relevant factors and data.

## B. ALTERNATIVELY, THE DECISION FAILED TO CONSIDER THE FACT THAT MOST COMPUTER PROGRAMMERS HAVE SPECIALIZED DEGREES

37. But *even if* the Decision was correct in looking to the OOH's discussion of Computer Programmers to determine what education was required to be a Programmer Analyst, it *still* failed to consider the relevant data and facts in the OOH.

38. While the Decision did *mention* that most Computer Programmers have a bachelor's degree in Computer Science or related subject, it did not consider this fact at any point in its analysis. Decision at 5.

39. That a document (or a fact) is merely mentioned by an agency does not show it considered it. *Oceana, Inc. v. Ross*, 290 F. Supp. 3d 73, 80 (D.D.C. 2018).

40. The significance of this oversight is amply illustrated by the fact that the courts have repeatedly vacated USCIS decisions ruling that even though most of the incumbents held a specialized degree, the job still did not qualify as a specialty occupation. *See, e.g., Next Generation Tech., Inc. v. Johnson*, 328 F. Supp. 3d 252, 267-268 (S.D.N.Y. 2017) (because "[m]ost computer programmers have a bachelor's degree in computer science or a related subject ...the Occupational Outlook Handbook arguably demonstrates that a

| COMPLAINT | Michael E Piston (P34568)<br>Attorney for the Plaintiff<br>Immigration Law Office of Los Angeles (Manhattan Office)<br>225 Broadway, Ste 307<br>New York, NY 10007<br>646-845-9895<br>michae@immigrationhelpla.com |
|---|---|

bachelor's degree or higher in a specific specialty is 'normal[ly]' the minimum requirement for entry into the position.") (alteration in original), *Xiaotong Liu v. Baran*, No. 18-cv-376, 2018 U.S. Dist. LEXIS 222796 at *5, 2018 WL 7348851 (C.D. Cal. Dec. 21, 2018). (due to "OOH language indicating that 'most' positions require a four-year bachelor's degree (therefore) the record establishes that the position normally requires a bachelor's degree or higher."), *3Q Digital, Inc*., 2020 U.S. Dist. LEXIS 39558, 2020 WL 1079068, at *3 (Where the OOH provided that "most" positions require a degree, but "some" do not, "the agency appears to have substituted the word 'always' for the word 'normally.' This is a misinterpretation and misapplication of the law, and [one that] effectively hold[s] the plaintiff to a higher standard than that which is set by the regulation . . ."). *See also Taylor Made Software* at *14 (finding that the fact that most Computer Systems Analysts have a degree in computer science to be "relevant" in determining whether the job offered meets CRITERION 1).[6]

41. The USCIS' failure to consider (as opposed to merely mention) the fact that most computer programmers have a specialized degree constitutes a glaring failure to examine the relevant factors and data.

---

[6] As will be discussed below, "normally" means "in most situations or cases". Thus a finding that "most" members of a particular occupation have a particular degree(s) means that they "normally" do. None of immediately foregoing cases however appear to have been enlightened by this fact, which make their vacation of USCIS decisions concluding that a job in which "most" of the incumbents have a specialized degree do not satisfy the requirements of CRITERION 1 all the more significant.

| COMPLAINT | Michael E Piston (P34568)<br>Attorney for the Plaintiff<br>Immigration Law Office of Los Angeles (Manhattan Office)<br>225 Broadway, Ste 307<br>New York, NY 10007<br>646-845-9895<br>michae@immigrationhelpla.com |
|---|---|

### C. THE DECISION FAILED TO EVEN MENTION, MUCH LESS CONSIDER, THAT THE OOH PROVIDES THAT COMPUTER PROGRAMMERS NORMALLY HAVE SPECIALIZED DEGREES

42. But even more significant than the agency's already remarkable failure to consider the fact that most computer programmers have specialized degrees is its failure to even mention, much less consider, the natural implication of that fact – that computer programmers *normally* hold such degrees. In fact, there is no indication that the USCIS was even aware of it.

43. It is "'the elementary rule of statutory interpretation[7]'" that a word is understood by its common meaning" *Agnew v. Gov't of the D.C.*, 920 F.3d 49, 57 (D.C. Cir. 2019),

---

[7] "We look to general rules of statutory construction to interpret and analyze the pertinent regulations", *Matter of H-N*, 22 I. & N. Dec. 1039, 1041 (B.I.A. October 13, 1999).

| COMPLAINT | Michael E Piston (P34568)<br>Attorney for the Plaintiff<br>Immigration Law Office of Los Angeles (Manhattan Office)<br>225 Broadway, Ste 307<br>New York, NY 10007<br>646-845-9895<br>michae@immigrationhelpla.com |
|---|---|

quoting *United States v. Bronstein*, 849 F.3d 1101, 1108 (D.C. Cir. 2017). An ordinary meaning of "normally"[8] is "in most situations or cases".[9]

44. Since most computer programmers have a bachelor's degree in computer science or a related subject, in follows that they have them "in most situations or cases", or "normally". The fact that computer programmers *normally* have a bachelor's degree in computer science or a related subject is strong evidence that the job *normally* requires such a degree, and so satisfies the requirements of CRITERION 1.

45. The agency's failure to even mention, much less consider, this fact makes its decision all the more arbitrary, even if the agency was looking at the right part of the OOH after all.

46. Accordingly, inasmuch as the Decision did not examine the relevant facts and data contained in the OOH, it was arbitrary and so should be held unlawful and set aside.

## COUNT 2

---

[8] "When a statute does not define a term, the Court typically "give[s] the phrase its ordinary meaning." *FCC v. AT&T Inc.*, 562 U.S. 397, 403 (2011), *Johnson v. United States*, 559 U.S. 133, 138,(2010) (looking to popular dictionaries for a word's ordinary meaning).

[9] Macmillan.com Online Dictionary, Normally, online at https://www.macmillandictionary.com/us/dictionary/american/normally (last accessed 5/3/2020). This is a source frequently relied upon by the courts for the ordinary meaning of terms. *See, e.g., G. v. Fay Sch.*, 931 F.3d 1, 10 (1st Cir. 2019); *Beasley v. Wells Fargo Bank, N.A.*, 744 F. App'x 906, 914 n.6 (6th Cir. 2018), *United States ex rel. Garbe v. Kmart Corp.,* 824 F.3d 632, 643 (7th Cir. 2016), *Pueblo of Jemez v. United States*, 790 F.3d 1143, 1148 n.5 (10th Cir. 2015).

| COMPLAINT | Michael E Piston (P34568)<br>Attorney for the Plaintiff<br>Immigration Law Office of Los Angeles (Manhattan Office)<br>225 Broadway, Ste 307<br>New York, NY 10007<br>646-845-9895<br>michae@immigrationhelpla.com |
|---|---|

**THE DECISION FAILED TO ARTICULATE A RATIONAL CONNECTION BETWEEN THE RECORD AND ITS CONCLUSION THAT THE JOB OF COMPUTER PROGRAMMER DOES NOT NORMALLY REQUIRE A SPECIALIZED DEGREE**

47. Again, even if the Decision was correct in looking to the OOH's discussion of Computer Programmers, rather than Programmer Analysts, to learn what education was required to be a Programmer Analyst, it still should be held unlawful and set aside because it failed to articulate a rational connection between the record and its conclusion that the job of computer programmer does not normally require a specialized degree.

48. The sole bases for the Decision's conclusion that "the position you offered to the beneficiary does not meet this[10] CRITERION was that 'the OOH does not state that at least a bachelor's degree or its equivalent in a specific specialty is normally the minimum required for entry into the occupation'" and the totally irrelevant observation that "employers value computer programmers who have experience". Decision at 5.

**A. THE MERE FACT THAT THE OOH DOES NOT EXPRESSLY STATE THAT "AT LEAST A BACHELOR'S DEGREE OR ITS EQUIVALENT IN A SPECIFIC SPECIALTY IS NORMALLY THE MINIMUM REQUIRED FOR ENTRY INTO THE OCCUPATION" IS NOT A RATIONAL REASON FOR CONCLUDING THAT THE JOB OFFERED DOES NOT MEET THE REQUIREMENTS OF CRITERION 1**

49. Aside from the trivial, and completely irrelevant, observation that "employers value computer programmers who have experience", easily dismissed below, the Decision

---

[10] 8 C.F.R. § 214.2(h)(4)(iii)(A)(1).

| | |
|---|---|
| COMPLAINT | Michael E Piston (P34568)<br>Attorney for the Plaintiff<br>Immigration Law Office of Los Angeles (Manhattan Office)<br>225 Broadway, Ste 307<br>New York, NY 10007<br>646-845-9895<br>michae@immigrationhelpla.com |

offers no basis for concluding that the requirements of CRITERION 1 were not met by the proffered job other than the mere fact that the phrase "at least a bachelor's degree or its equivalent in a specific specialty is normally the minimum required for entry into the occupation". *Id*.

50. As shown above, the USCIS wasn't even looking at the correct portion of the OOH when it came to this conclusion, but even if it were, the record has no rational connection to the finding that the job offered the beneficiary fails to meet the standards of CRITERION 1.

51. The first reason why there is no rational connection here is the simple fact that this statement does not appear anywhere in the OOH. One knows this because a google search of the entire bls.gov website, of which OOH is a portion, does not reveal this phrase anywhere.[11] Therefore if the USCIS assertion here is correct, no job mentioned in the OOH satisfies CRITERION 1.

52. But even if the decision said (which it did not) that the job offered does not satisfy the requirements of CRITERION 1 because the OOH did not state this phrase "or its equivalent", there still would not be a rational connection between the conclusion and the record because that assertion would not allow for the possibility that the OOH contains facts from which it could be reasonably inferred that the Computer Programmer

---

[11] The Court can confirm this by entering the following into the google search engine: site:bls.gov "at least a bachelor's degree or its equivalent in a specific specialty is normally the minimum required for entry into the occupation". This search, undertaken on 5/3/2020, brought a response of "No results found".

| COMPLAINT | Michael E Piston (P34568)<br>Attorney for the Plaintiff<br>Immigration Law Office of Los Angeles (Manhattan Office)<br>225 Broadway, Ste 307<br>New York, NY 10007<br>646-845-9895<br>michae@immigrationhelpla.com |
|---|---|

occupation normally requires a specialized degree, even if it does not say so outright or in so many words.

53. In fact, as demonstrated above, both the fact that most computer programmers have specialized degrees, nor its natural corollary, that it is normal for computer programmers to hold such a degree, are at the very least substantial evidence that the job offered normally requires a specialized degree.

54. The Decision's disregard of these important facts merely because the OOH did not spell out exactly, or, giving the agency the benefit of the doubt, in so many words, that "at least a bachelor's degree or its equivalent in a specific specialty is normally the minimum required for entry into the occupation" was irrational.

55. As has been shown above, the OOH contains substantial evidence that even the job of Computer Programmer (much less that of Programmer Analyst) requires a specialized degree because not only do most computer programmers have such degrees but, because, in fact, computer programmers normally hold them.

56. Numerous courts have held that the mere fact that most incumbents of a position held specialized degrees was sufficient to vacate USCIS decisions holding that such jobs didn't normally require a specialized degree.

57. The fact that such a degree is "normally" held by computer programmers provides even a more compelling case for the denial to be vacated.

58. Therefore the USCIS' refusal to consider anything but a conclusory assertion that the job normally requires a specialized degree as evidence that it satisfies the requirements for

| COMPLAINT | Michael E Piston (P34568)<br>Attorney for the Plaintiff<br>Immigration Law Office of Los Angeles (Manhattan Office)<br>225 Broadway, Ste 307<br>New York, NY 10007<br>646-845-9895<br>michae@immigrationhelpla.com |
|---|---|

being considered a specialized occupation under CRITERION 1 is conspicuously arbitrary.

**B. THERE IS NO RATIONAL CONNECTION BETWEEN THE FACT THAT EMPLOYERS VALUE COMPUTER PROGRAMMERS WHO HAVE EXPERIENCE AND THE CONCLUSION THAT THE JOB OFFERED DOESN'T MEET THE REQUIREMENTS OF CRITERION 1**

59. The Decision's bland assertion that the job offered doesn't meet the requirement of CRITERION 1 (even in part) because "employers value computer programmers who have experience, which can be obtained through internships" is obtuse.

60. A university can value professors who have experience in their chosen field, which could have been gained in an internship or otherwise. That has no rational connection to whether being a professor requires a degree. Neither is it rationally connected to whether being a programmer does.

61. It is hard to understand how the agency could have considered the nearly universal truism that employers value employees with experience, equally valid for those employing garbage collectors and nuclear physicists, in any way rationally connected to whether the job offered normally requires a specialized degree.

## COUNT 3

**IT WAS ARBITRARY FOR THE USCIS TO CONSIDER IRRELEVANT FACTORS IN ITS DECISION**

| COMPLAINT | Michael E Piston (P34568)<br>Attorney for the Plaintiff<br>Immigration Law Office of Los Angeles (Manhattan Office)<br>225 Broadway, Ste 307<br>New York, NY 10007<br>646-845-9895<br>michae@immigrationhelpla.com |
|---|---|

62. An agency's decision which is based upon an irrelevant factor is arbitrary. *North Carolina v. EPA*, 382 U.S. App. D.C. 167, 201, 531 F.3d 896, 930 (2008)

63. Given that it was one of only two bases for concluding that the job offered Mr. Thalacheeru did not meet the requirement of CRITERION 1, it is apparent that the irrelevant (and in fact trivial) factor that employers value experience was considered and given significant weight by USCIS, and for it to do so was arbitrary.

64. It is even more apparent that the USCIS' consideration of the educational requirements for computer programmers in the OOH were given very significant weight indeed. But these were entirely irrelevant inasmuch as the OOH classified the job offered Mr. Thalucheeru as a computer systems analyst. Therefore what the OOH had to say about computer programmers was irrelevant as well.

65. Inasmuch as the Decision gave significant weight to two completely irrelevant factors, it should be held unlawful and set aside as arbitrary.

## COUNT 4

**INASMUCH AS THE DENIAL OF HCL'S PETITION WAS ABITRARY SO TOO WAS THE DENIAL OF MR. THALUCHEERU'S APPLICATION FOR EXTENSION OF HIS H-1B STATUS**

66. The sole grounds for the denial of Mr. Thalucheeru's extension of his H-1B status was the arbitrary denial of HCL's petition upon his behalf. Therefore it too should be held unlawful and set aside.

| COMPLAINT | Michael E Piston (P34568)<br>Attorney for the Plaintiff<br>Immigration Law Office of Los Angeles (Manhattan Office)<br>225 Broadway, Ste 307<br>New York, NY 10007<br>646-845-9895<br>michae@immigrationhelpla.com |
|---|---|

## CONCLUSION

Both the Decisions complained of in this action were arbitrary and so should be held unlawful and set aside. Further, inasmuch as the USCIS' arbitrary and Decisions have unreasonably delayed a proper adjudication in this matter, the agency should be compelled to render a new decision in both matters within no more than thirty (30) days of the date of this Court's Order.

Respectfully Submitted this 6th day of May, 2020

s/*Michael E. Piston*
Michael E. Piston (MI 002)
Senior Attorney
Immigration Law Offices of Los Angeles, P.C.
Manhattan Office
225 Broadway Suite 307
New York, NY 10007
646/845-9895
Fax: 206-770-6350
michael@immigrationhelpla.com

| COMPLAINT | Michael E Piston (P34568)<br>Attorney for the Plaintiff<br>Immigration Law Office of Los Angeles (Manhattan Office)<br>225 Broadway, Ste 307<br>New York, NY 10007<br>646-845-9895<br>michae@immigrationhelpla.com |
|---|---|